IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

| | | |
|---|---|---|
| MICHAEL J. MOLENDA, | ) | CASE NUMBER 97-2046- |
| | ) | CIV-UNGARO-BENAGES |
| Plaintiff, | ) | Magistrate Brown |
| | ) | |
| vs. | ) | |
| | ) | **HOECHST'S ANSWER AND** |
| HOECHST CELANESE | ) | **AFFIRMATIVE DEFENSES TO** |
| CORPORATION | ) | **PLAINTIFF'S THIRD AMENDED** |
| | ) | **COMPLAINT** |
| Defendant. | ) | |
| | ) | |

Defendant, Hoechst Celanese Corporation ("Hoechst"), hereby answers those portions of the Third Amended Complaint filed by plaintiff, Michael J. Molenda ("Molenda"), which have survived after the rendition of this Court's June 22, 1998 Omnibus Order (the "Order") as follows. The paragraph numbers in the Answer correspond to the paragraph numbers in the Third Amended Complaint (the "Complaint"):

## ANSWER

1. Admits Molenda has attempted to assert claims under the various statutory and common law bases described in Paragraph No. 1 of the Complaint, admits that if these claims are in any way viable that they could invoke the jurisdiction of the Court, and denies the remaining allegations set forth in Paragraph No. 1 of the Complaint and demands strict proof thereof.

2. Denies the allegations set forth in Paragraph No. 2 of the Complaint and demands strict proof thereof.

3. Is without knowledge as to the allegations set forth in Paragraph No. 3 of the Complaint and demands strict proof thereof.



CASE NO. 97-2046-CIV-UNGARO-BENAGES

4. Admits that at certain times Molenda was employed by Hoechst as a Senior Marketing Manager for Latin America, and denies the remaining allegations set forth in Paragraph No. 4 of the Complaint and demands strict proof thereof.

5. Denies the allegations set forth in Paragraph No. 5 of the Complaint and demands strict proof thereof.

6. Denies the allegations set forth in Paragraph No. 6 of the Complaint and demands strict proof thereof.

7. Admits that at certain times Brian O'Reilly was a Vice President of Hoechst, and denies the remaining allegations set forth in Paragraph No. 7 of the Complaint and demands strict proof thereof.

8. Admits that Hoechst A.G.'s acquisition of Celanese Corporation was announced in November, 1986 and closed in February, 1987, and denies the remaining allegations set forth in Paragraph No. 8 of the Complaint and demands strict proof thereof.

9. Admits the allegations set forth in Paragraph No. 9 of the Complaint.

10. Denies the allegations set forth in Paragraph No. 10 of the Complaint and demands strict proof thereof.

11. Dismissed with prejudice.

12. Dismissed with prejudice.

13. Admits that at a certain point in time Brian O'Reilly became Molenda's supervisor as Vice President of Sales for Defendant and that O'Reilly replaced Nicholas Pericich, and denies the remaining allegations set forth in Paragraph No. 13 of the Complaint and demands strict proof thereof.

CASE NO. 97-2046-CIV-UNGARO-BENAGES

14. Dismissed with prejudice as to all alleged actions prior to June, 1995, and denies the remaining allegations set forth in Paragraph No. 14 of the Complaint and demands strict proof thereof.

15. Denies the allegations set forth in Paragraph No. 15 of the Complaint and demands strict proof thereof.

16. Denies the allegations set forth in Paragraph No. 16 of the Complaint and demands strict proof thereof.

17. Denies the allegations set forth in Paragraph No. 17 of the Complaint and demands strict proof thereof.

18. Denies the allegations set forth in Paragraph No. 18 of the Complaint and demands strict proof thereof.

19. Admits that Molenda's employment with Hoechst was terminated as of November 22, 1996, and denies the remaining allegations set forth in Paragraph No. 19 of the Complaint and demands strict proof thereof.

## COUNT I - RETALIATORY DISCHARGE
### (DISMISSED IN PART)

20. Defendant reavers and realleges its responses to Paragraphs Nos. 1 through 19 of the Complaint.

21. Dismissed with prejudice.

22. Dismissed with prejudice.

23. Dismissed with prejudice.

24. Dismissed with prejudice.

25. Dismissed with prejudice.

CASE NO. 97-2046-CIV-UNGARO-BENAGES

26. Dismissed with prejudice.

27. Dismissed with prejudice.

28. Dismissed with prejudice.

29. Dismissed with prejudice.

30. Dismissed with prejudice.

31. Dismissed with prejudice.

32. Dismissed with prejudice.

33. Dismissed with prejudice.

34. Dismissed with prejudice.

35. Dismissed with prejudice.

36. Dismissed with prejudice.

37. Dismissed with prejudice.

38. Dismissed with prejudice.

39. Denies the allegations set forth in Paragraph No. 39 of the Complaint and demands strict proof thereof.

40. Denies the allegations set forth in Paragraph No. 40 of the Complaint and demands strict proof thereof.

41. Denies the allegations set forth in Paragraph No. 41 of the Complaint and demands strict proof thereof.

42. Denies the allegations set forth in Paragraph No. 42 of the Complaint and demands strict proof thereof.

43. Denies the allegations set forth in Paragraph No. 43 of the Complaint and demands strict proof thereof.

44. Denies the allegations set forth in Paragraph No. 44 of the Complaint and demands strict proof thereof.

45. Denies the allegations set forth in Paragraph No. 45 of the Complaint and demands strict proof thereof.

46. Denies the allegations set forth in Paragraph No. 46 of the Complaint and demands strict proof thereof.

## COUNT II - QUANTUM MERUIT
### (DISMISSED WITH PREJUDICE)

## COUNT III - BREACH OF CONTRACT
### (DISMISSED IN PART)

56. Admits the allegations set forth in Paragraph No. 56 of the Complaint.

57. Denies the allegations set forth in Paragraph No. 57 of the Complaint and demands strict proof thereof.

58. Denies the allegations set forth in Paragraph No. 58 of the Complaint and demands strict proof thereof.

59. Denies the allegations set forth in Paragraph No. 59 of the Complaint and demands strict proof thereof.

60. Denies the allegations set forth in Paragraph No. 60 of the Complaint and demands strict proof thereof.

61. Dismissed with prejudice.

62. Dismissed with prejudice.

63. Dismissed with prejudice.

64. Dismissed with prejudice.

65. Dismissed with prejudice.

### COUNT IV - DEFAMATION/SLANDER

66. Denies the allegations set forth in Paragraph No. 66 of the Complaint and demands strict proof thereof.

67. Admits that Ann Frechette and Eleanor McMahon were employees of Hoechst located in New Jersey, and denies the remaining allegations set forth in Paragraph No. 67 of the Complaint and demands strict proof thereof.

68. Denies the allegations set forth in Paragraph No. 68 of the Complaint and demands strict proof thereof.

69. Denies the allegations set forth in Paragraph No. 69 of the Complaint and demands strict proof thereof.

70. Denies the allegations set forth in Paragraph No. 70 of the Complaint and demands strict proof thereof.

71. Denies the allegations set forth in Paragraph No. 71 of the Complaint and demands strict proof thereof.

72. Denies the allegations set forth in Paragraph No. 72 of the Complaint and demands strict proof thereof.

73. Denies the allegations set forth in Paragraph No. 73 of the Complaint and demands strict proof thereof.

74. Denies the allegations set forth in Paragraph No. 74 of the Complaint and demands strict proof thereof.

75. Admits that Sharon Brussell was a human resource representative employed by Hoechst, and denies the remaining allegations set forth in Paragraph No. 75 of the Complaint and demands strict proof thereof.

76. Denies the allegations set forth in Paragraph No. 76 of the Complaint and demands strict proof thereof.

77. Denies the allegations set forth in Paragraph No. 77 of the Complaint and demands strict proof thereof.

78. Denies the allegations set forth in Paragraph No. 78 of the Complaint and demands strict proof thereof.

## COUNT V - AGE DISCRIMINATION

79. Defendant reavers and realleges its responses to Paragraph Nos. 3 through 9 of the Complaint.

80. Is without information as to the allegations set forth in Paragraph No. 80 and demands strict proof thereof.

81. Admits the allegations set forth in Paragraph No. 81 of the Complaint.

82. Denies the allegations set forth in Paragraph No. 82 of the Complaint and demands strict proof thereof.

83. Admits that Plaintiff was terminated by Defendant, and denies the remaining allegations set forth in Paragraph No. 83 of the Complaint and demands strict proof thereof.

CASE NO. 97-2046-CIV-UNGARO-BENAGES

84.    Denies the allegations set forth in Paragraph No. 84 of the Complaint and demands strict proof thereof.

85.    Denies the allegations set forth in Paragraph No. 85 of the Complaint and demands strict proof thereof.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

Plaintiff has failed to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

Plaintiff is not entitled to the statutory protection afforded by Fla.Stat. § 448.101 *et seq.* (the "Act") because Plaintiff was dismissed on grounds other than for Plaintiff's exercise of rights protected under the Act.

### THIRD AFFIRMATIVE DEFENSE

Plaintiff's whistle blower claim is barred due to Plaintiff's failure to object to, or refusal to participate in, any activity, policy or practice of Defendant which is in violation of a law, rule or regulation.

### FOURTH AFFIRMATIVE DEFENSE

Plaintiff's whistle blower claim is barred due to Plaintiff's failure to notify Defendant about any allegedly illegal activity, policy or practice.

### FIFTH AFFIRMATIVE DEFENSE

As certain of the alleged actions complained of were committed by persons not employed by Defendant (Paragraph Nos. 15, 17, 34-36, 40 of the Complaint) these alleged acts cannot support Plaintiff's whistle blower claim.

CASE NO. 97-2046-CIV-UNGARO-BENAGES

## SIXTH AFFIRMATIVE DEFENSE

Plaintiff's breach of contract claim is barred by the statute of frauds.

## SEVENTH AFFIRMATIVE DEFENSE

An absolute bar to the defamation/slander claim asserted by Plaintiff is the fact that all statements made by Defendant were true.

## EIGHTH AFFIRMATIVE DEFENSE

Defendant did not publish any defamatory statements about Plaintiff.

## NINTH AFFIRMATIVE DEFENSE

As an employer, Defendant had a qualified privilege to divulge honest information to other prospective employers requesting advice regarding Plaintiff. Any statements made by Defendant in the course of Plaintiff's employment were qualifiedly privileged under Fla.Stat. §768.095.

## TENTH AFFIRMATIVE DEFENSE

Any statement made by Defendant in the course of investigating misconduct involving Plaintiff are privileged.

## ELEVENTH AFFIRMATIVE DEFENSE

Because each of the alleged defamatory statements alleged to have been made by Defendant was an expression of opinion made in good faith, Plaintiff's claims fail as a matter of law.

## TWELFTH AFFIRMATIVE DEFENSE

Because any intentionally defamatory statement made by any employee of Defendant was made outside the scope of the duties and authority to act of such employees, Defendant is not liable for any intentional defamation allegedly committed by its employees.

### THIRTEENTH AFFIRMATIVE DEFENSE

As certain of the alleged defamatory statements were made by persons not employed by Defendant (Paragraph No. 66 of the Complaint), Defendant has no liability for any damages arising from these statements.

### FOURTEENTH AFFIRMATIVE DEFENSE

Because Plaintiff suffered no damage from the alleged publication of the statements alleged in the Complaint to be defamatory, Plaintiff's claims fail as a matter of law.

### FIFTEENTH AFFIRMATIVE DEFENSE

Any alleged damages, loss or injury to Plaintiff were caused by his own actions or inactions or by the actions or inactions of others, over whom Defendant had no control or legal responsibility.

### SIXTEENTH AFFIRMATIVE DEFENSE

The statements at issue concern facts which were already known to the listeners.

### SEVENTEENTH AFFIRMATIVE DEFENSE

Plaintiff's Age Discrimination claim is barred by his failure to exhaust his administrative remedies.

### EIGHTEENTH AFFIRMATIVE DEFENSE

Plaintiff's Age Discrimination claim is limited by the scope of the charge of discrimination which he filed with the EEOC.

### NINETEENTH AFFIRMATIVE DEFENSE

Plaintiff's Age Discrimination claim barred by the applicable statute of limitations.

CASE NO. 97-2046-CIV-UNGARO-BENAGES

### TWENTIETH AFFIRMATIVE DEFENSE

Plaintiff's Age Discrimination claim is limited by the scope of the charge of discrimination which he filed with the EEOC.

### TWENTY FIRST AFFIRMATIVE DEFENSE

All employment related decisions made with respect to Plaintiff or that affected Plaintiff were made for a legitimate, non-discriminatory reasons and not related to Plaintiff's age.

### TWENTY SECOND AFFIRMATIVE DEFENSE

Any damages claimed under Plaintiff's Age Discrimination claim are barred by the after acquired evidence doctrine.

### TWENTY THIRD AFFIRMATIVE DEFENSE

Any actions taken by Defendant with regard to Plaintiff were taken in good faith. The alleged wrongs of any other employee set forth in the Complaint were outside the scope of that certain employee's employment by Defendant and were not authorized, condoned, or ratified by Defendant.

### TWENTY FOURTH AFFIRMATIVE DEFENSE

Plaintiff's damages, if any, were caused by Plaintiff's own acts, including but not limited to, Plaintiff's failure to mitigate his damages.

### TWENTY FIFTH AFFIRMATIVE DEFENSE

Plaintiff is barred from prevailing on his claims under the doctrines of *in pari delicto* and unclean hands.

### TWENTY SIXTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the doctrines of waiver and estoppel.

CASE NO. 97-2046-CIV-UNGARO-BENAGES

## TWENTY SEVENTH AFFIRMATIVE DEFENSE

Plaintiff has failed to plead or perform all conditions precedent to the filing of this action.

## TWENTY EIGHTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred in whole or in part by the applicable statutes of limitation.

## TWENTY NINTH AFFIRMATIVE DEFENSE

Defendant reserves the right to supplement and to amend these affirmative defenses should information obtained in discovery so require.

Respectfully submitted,

**AKERMAN, SENTERFITT & EIDSON, P.A.**
Attorneys for Defendant
HOECHST CELANESE CORPORATION
SunTrust International Center
One S.E. Third Avenue, 28th Floor
Miami, Florida 33131
Telephone: (305) 374-5600
Facsimile: (305) 374-5095

By: *Adam Levinson*
Susan N. Eisenberg
Florida Bar Number 600393
Merrick L. Gross
Florida Bar Number 716677
Adam P. Levinson
Florida Bar Number 055344

MIA-272996-1

12

CASE NO. 97-2046-CIV-UNGARO-BENAGES

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was sent via U.S. Mail on this 17 day of July, 1998 to: Margaret M. Ciraldo, Esquire, Ciraldo Law Offices, P.A., Coral Springs Financial Plaza, 3300 University Drive, Suite 612, Coral Springs, Florida 33065.

By: *Adam Levison*
    Attorney

MIA-272996-1

13